*221
 
 Williams, J.,
 

 dissenting. This case is governed by well-known principles of the common law. The relation between the owners of the land trust certificates and the trustee arose out of contract. When did the confidential relation begin and what was its scope? In buying the certificates the buyers and seller dealt at arm’s length and the doctrine of
 
 caveat emptor
 
 applied. From the time the buyers acquired the certificates a trust relation existed and the buyers, the
 
 cestuis que trustent,
 
 were entitled to have the trustee perform faithfully all duties and discharge all obligations resting on it as trustee under the trust agreement. With respect to the performance of that particular contract of trust there was no breach of trust whatsoever and no self-dealing. The fact that the trustee previously had an indebtedness chargeable on the land which became the trust
 
 res
 
 is beside the question, for one owning land or an interest therein may sell it or participate in its sale under an agreement to hold the land thereafter under a trust arrangement by which he collects rents, manages the property and distributes the proceeds to the
 
 cestuis
 
 and the trust relation does not arise until the sale agreement is complete. Such a contract of trust so long as it is not tainted by fraud or other illegality is binding. The contract of trust herein was not so tainted. The difficulty seems to lie in an endeavor to extend the responsibility of the trustee beyond the terms of the contract of trust. The trust company in the selling of the land which it held as security for a debt was not acting as a trustee but in its own right and there was no self-dealing by the trustee in so doing since such malfeasance could only occur in connection with performance of duties imposed by the trust agreement.
 

 For these reasons the judgment should be affirmed.
 

 Day, J., concurs in the foregoing dissenting opinion.